25-1918
15BJ #4
DUE

United States District Court

Western District of Pennsylvania

Garrick Wesley Reed
Plaintiff,

V.

RECEIVED
DEC 0 9 2025
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Officer James Ilgenfritz, and
officer Betarie individually and
in their offical capacities as
Homestead Police Officers, Defendant.

Complaint Under 42 U.S.C § 1983

(Jury Trial Demanded)

Jurisdiction and Venue
. This action is brought in purrsuant
to 42 U.S.C § 1983 to redress the
deprivation under color of State law
of rights secured by Constitution
of the United States, including rights
gaaranteed by the Fourth and
Fourteenth Amendments.



2. Jurisdiction is proper under 28 U.S.C §§ 1331 and 1343 because this case arises under federal law.

3. Venue is proper in Western District of Pennsylvania under 28 U.S.C § 1391 (b) because the events giving rise to this claim occurred in Allegheny County, Pennsylvania

II. Parties

4. Plantiff Garrick Wesley Reed, is an adult citizen residing in Allegheny County, Pennsylvania

5. Defendants officer Ilgenfritz and officer Befarie both employed by the Homestead Police Department, or sued in both their individual and offical capacities

III. Factual Allegations

6. On or about June 29, 2024, Plaintiff was driving 2006 Jeep Laredo in Homestead Pennsylvania, when he was stopped by Defendant Officer James Ilgenfritz

7. Officer Ilgenfritz claimed that Plaintiff was traveling approximately 65 miles per hour and swerved toward his patrol vehicle. These statements are false as the Plantiff's vehicle could not



reach such speed from the stop sign on the corner to ~~the street~~ the officer's parked location.

5. After initiating the traffic stop, Officer Ilgenfritz attempted to forcibly remove Plaintiff from his vehicle without first advising that he was under arrest.

7. Officer Ilgenfritz then drew his taser and ordered Plaintiff to exit the vehicle. Plaintiff complied with officer's command.

8. As soon as Plaintiff stepped out of his vehicle and posed no threat to the officer, or public, Officer Ilgenfritz discharged his taser striking Plaintiff and causing him to fall to the ground.

1. While Plaintiff was lying on his back, fully compliant and restrained by Officer Jeffery Luptak, Officer Ilgenfritz than placed his taser against the Plaintiff neck and discharged it a second time.

2. Plaintiff was not resisting arrest at any point and was fully compliant with officers.

3. Plaintiff was charged with resisting arrest however those charges were later withdrawn.



14. After Plaintiff was handcuffed, Officer Ilgenfritz asked for consent to a blood draw. Plaintiff refused more than once. Despite these refusals the Plaintiff blood was seized by Officer Betarie

15. Officer Betarie with out Warrant or consent used it for an unlawful DUI blood test.

16. Officers Betarie body camera footage was later "lost" or destroyed prior to the Plaintiff's criminal trial, despite being subpoenaed.

17. Additionally, either Officer Ilgenfritz or Officer Betarie altered the PL-60B form by adding the comment on the Form "he signed the wrong line", and both gave testimony under oath during the criminal proceedings.

18. The actions of the Defendant Officers violated Plaintiffs constitutional rights, caused physical injury, emotional distress, and violated my rights to be free from unreasonable searches and seizures and excessive force.



V. Claims For Relief

Count I - Excessive Force (42 U.S.C. §1983 Fourth Amendment)

9. Plaintiff incorporates by reference all preceding paragraphs.

10. Defendants, acting under color of state law used objectively unreasonable and excessive force when officer Ilgenfritz tased Plaintiff twice- once while I was being compliant and once while I was already restrained.

11. The use of force violated my right under the Fourth Amendment to be free from excessive force.

12. Legal Support:

✱ Graham v. Connor, 490 U.S 386 (1989)- the Fourth Amendment prohibits use of force that is not objectively reasonable under the circumstances.

✱ Tennessee v. Garner, 471 U.S 1 (1985)- Deadly or significant force cannot be used unless necessary to prevent escape and the suspect poses a significant threat.

⑥

* Souden v. Duffy, 446 F. 3d 483 (3d Cir. 2006) - The Third Circuit holds that use of a taser on a non resisting suspect constitutes excessive force

Count II - Unlawful Search and Seizure (42 U.S.C § 1983 - Fourth Amendment)

23. Plaintiff incorporates the preceding paragraphs.

24. Defendants unlawfully seized Plaintiff's blood without his consent without a warrant and without probable cause, in violation of the Fourth Amendment.

25. Legal Support

* Birchfield v. North Dakota, 579 U.S. 438 (2016) - Blood draws are searches that generally require a warrant.

* Schmerber v. California, 384 U.S. 757 (1966) - Compelled blood testing without consent or warrant violates the Fourth Amendment absent exigent circumstances



Count III - Deprivation of Rights and Fabrication of Evidence (42 U.S.C. §1983 - Fourteenth Amendment).

26. Plaintiff incorporates all preceding paragraph

27. Defendants violated ~~that~~ my rights to due process by falsifying official records, providing false testimony, and tampering with video evidence and DL-60B form.

28. Legal Support

* Napue v. Illinois, 360 U.S. 264 (1959) - The Knowing use of false evidence violates due process.

* Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014) - Fabrication of evidence by police officers violates the Fourteenth Amendment

V. Damages Seeked

Punitive Damages

1. Taser Related Excessive Force (twice)

Amount $1.5 million

2. Fabrication of Evidence and False testimony

Amount $1.5 million

3. Warrantless Blood Draw

Amount $ 150,000

4. Spoiliation of body-camera footage

Amount $ $ 100,000

Punitive total amount
Damages = $3.25 million

Attorney Fees = $ 100,000

(9)

Compensatory Damages

1. Physical Injury (two taser deployments)

Amount: $200,000

2. Emotional Distress / Trauma

Amount: $300,000

3. Unlawful Blood Draw

Amount: $175,000

4. Fabrication of Evidence and
False Testimony

Amount: $400,000

Compensatory Damages
total Amount = $1.075 million

Total Damages seeked

Punitive = $3.25 million

Compensatory = $1.075 million

Attorney fees: $100,000

Total Damages = $4.425 million

II. Evidence Supporting Claims
* Officer body camera footage (showing both taser incidents)
* DL-60B form showing altered statements
* Missing body camera footage from Bertarie and him being missing off the incident Report (indicating potential tampering or spoliation of evidence).
F Plaintiffs own testimony and cross-examination transcripts from my criminal trial.



VII Jury Demand

Plaintiff demands trial by Jury on all issues so triable.

Respectfully submitted by Garrick Reed

Garrick Wesley Reed

11/16/25

Currently Incarcerated at:

Allegheny County Jail
900 Second Ave
Pittsburgh, PA 15219
Plaintiff, Pro Se